UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 401(k) Plan for Secretarial Staff of Patterson Belknap Webb & Tyler LLP, by its Plan Administrator, and Defined Contribution Plan for Secretarial Staff of Patterson Belknap Webb & Tyler LLP, by its Plan Administrator, <br><br> Interpleader Plaintiffs, <br> v. <br><br> Jason Martin, Celso Pena, and Franklin Pena, <br><br> Interpleader Defendants. | Civ. No.: _____ <br><br><br> **INTERPLEADER COMPLAINT** |

Plaintiffs the 401(k) Plan for Secretarial Staff of Patterson Belknap Webb & Tyler LLP (the "401(k) Plan") and the Defined Contribution Plan for Secretarial Staff of Patterson Belknap Webb & Tyler LLP (the "Defined Contribution Plan" and, collectively with the 401(k) Plan, the "Plans"), each acting through its respective Plan Administrator, and through its counsel Patterson Belknap Webb & Tyler LLP ("Patterson Belknap" or the "Firm"), hereby files their Complaint for interpleader relief pursuant to Federal Rule of Civil Procedure 22.

## NATURE OF THE ACTION

1.  This action concerns the rights to benefit funds payable by the 401(k) Plan and benefit funds payable by the Defined Contribution Plan (such amounts hereinafter collectively the "Funds"), upon the death of Deborah Pena (the "Decedent"). As of the filing of this Complaint, the 401(k) Plan funds have a current approximate value of $93,000 (which value fluctuates daily); the Defined Contribution Plan funds have a current approximate value of $265,000

1

(which value fluctuates daily).

2.  Interpleader is appropriate here because the Plans cannot determine the proper recipient of the Funds without risking being subject to multiple claims and liability.

## PARTIES

3.  The 401(k) Plan is an "employee pension benefit plan," as that term is defined in Section 3(2)(A) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1002(2)(A) ("ERISA"). Pursuant to Section 11 of the 401(k) Plan's Adoption Agreement, the "Plan Administrator" of the 401(k) Plan is the Employee Benefit Plans Committee of Patterson Belknap Webb & Tyler LLP.

4.  The 401(k) Plan is administered at the offices of the 401(k) Plan sponsor, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036. The 401(k) Plan is subject to, and administered in accordance with, the provisions of ERISA.

5.  The Defined Contribution Plan is an "employee pension benefit plan," as that term is defined in ERISA. Pursuant to Section 11 of the Defined Contribution Plan's Adoption Agreement, the "Plan Administrator" of the Defined Contribution Plan is the Employee Benefit Plans Committee of Patterson Belknap Webb & Tyler LLP.

6.  The Defined Contribution Plan is administered at the offices of the Defined Contribution Plan sponsor, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036. The Defined Contribution Plan is subject to, and administered in accordance with, the provisions of ERISA.

7.  Upon information and belief, Defendant Jason Martin is the surviving son of Decedent and is a citizen of the State of New York with the following mailing address: 214 Lovering

2

Avenue, Apt. 2, Buffalo, New York 14216-1846.

8.  Upon information and belief, Defendant Celso Pena is the surviving son of Decedent and

is a citizen of the State of New York with the following mailing address: Midstate Correctional

Facility, Inmate Mail, PO Box 2500, Marcy, New York 13403 – DIN Number 15A4887.

9.  Upon information and belief, Defendant Franklin Pena was, for a period of time, the

spouse of Decedent and may have continued to be her spouse at the time of Decedent's death.

Defendant Franklin Pena's address last known to Plaintiffs is 83-06 Vietor Avenue, Apt. 5J,

Elmhurst, New York 11373-3206.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction over the action pursuant to 29 U.S.C.

§ 1132 (e) (1) and 28 U.S.C. § 1331 because the action arises under and is governed by ERISA.

11. Venue in this district is proper under 29 U.S.C. § 1132 (e) (2) because each of the Plans

is administered in this district, and is also proper under 28 U.S.C. § 1391 (b) (2) because a

substantial part of the events or omissions giving rise to the interpleader claim occurred in this

district.

## CAUSE OF ACTION IN INTERPLEADER

12. At all times relevant to this action, Decedent was domiciled in the State of New York.

13. Decedent was an employee of the Firm and a participant in each of the Plans for many

years until the time of her death.

14. Decedent died on or about January 15, 2017.

15. During Decedent's employment by the Firm and participation in the 410(k) Plan,

Decedent had an account under the 401(k) Plan (the "401(k) Account"), the current balance of

which is approximately $93,000, subject to daily fluctuation.

16. During Decedent's employment by the Firm and participation in the Defined Contribution Plan, Decedent had an account under the Defined Contribution Plan (the "Defined Contribution Account"), the current balance of which is approximately $265,000, subject to daily fluctuation.

17. Under the terms of the 401(k) Plan, the Decedent's 401(k) Account funds are payable to her designated beneficiary.  Decedent designated Jason Martin as the primary beneficiary and Celso Pena as contingent beneficiary for the 401(k) Plan.

18. Under the terms of the 401(k) Plan, spousal consent generally is required when designating a beneficiary other than a participant's spouse.  When making her beneficiary designation for the 401(k) Plan, Decedent provided a notarized spousal consent form purporting to provide the consent of Franklin Pena.

19. Under the terms of the Defined Contribution Plan, the Decedent's Defined Contribution Account funds are payable to her designated beneficiary.  Decedent designated Jason Martin and Celso Pena as co-primary beneficiaries for the Defined Contribution Plan.

20. Under the terms of the Defined Contribution Plan, spousal consent generally is required when designating a beneficiary other than a participant's spouse.  When making her beneficiary designation for the Defined Contribution Plan, Decedent provided a notarized spousal consent form purporting to provide the consent of Franklin Pena.

21. Upon information and belief, Decedent was the spouse of Franklin Pena at the time Decedent made her beneficiary designations under the Plans.  Upon information and belief, Decedent may have remained Franklin Pena's spouse as of the date of her death, although Plaintiffs are without sufficient information to make that determination with sufficient certainty.

4

9510299v.1

22. Jason Martin recently has raised with Plaintiffs a legal concern about the forms designating the beneficiaries of the Funds.

23. Based on the notarized consent forms submitted by Decedent in regard to her beneficiary designations, the Plans have reason to question and cannot determine whether the signatures of Franklin Pena are authentic and whether Franklin Pena provided his consent.

24. The Plans cannot determine the appropriate beneficiary, or beneficiaries, to whom the Funds should be distributed, and the Plans cannot distribute the Funds, without risk of being subject to multiple claims and liability.

25. As mere stakeholders, the Plans have no interest in which beneficiary or beneficiaries should receive the Funds.

26. The Plans are ready, willing and able to effect payment of the Funds, subject to any further fluctuations in their value, to whichever beneficiary(ies) the Court shall designate to receive them.

27. As fiduciaries, the Plan Administrators will continue to administer the Funds during the pendency of this matter until the Court finally determines who should receive the Funds. At all relevant times, the Funds are and will continue to be held in trust by the trustee of each Plan, which in both cases is Vanguard Fiduciary Trust Company. Accordingly, no deposit or bond is necessary or warranted.

28. The Plans have not colluded with any of the Defendants in bringing this action.

9510299v.1

## PRAYER FOR RELIEF

WHEREFORE, the Plans respectfully ask the Court to:

(A)     Determine to whom the Funds should be paid;

(B)     Dismiss the Plans from this action;

(C)     Discharge the Plans from further liability;

(D)     Bar any of the Defendants from instituting any actions or proceeding against the

Plans in regard to the Funds;

(E)     Award the Plans their attorneys' fees and costs of this action; and

(F)     Award such other and further relief, as the Court deems just and proper.

Dated:  New York, New York
        February 1, 2017

By: _____

Robert W. Lehrburger
Adam Pinto

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
rwlehrburger@pbwt.com

Attorneys for Interpleader Plaintiffs

6

9510299v.1